UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRINA STEWART,<br><br>    Plaintiff,<br><br>      v.<br><br>ST. ELIZABETHS HOSPITAL,<br><br>    Defendant. | Civil Action No. 04-1444 (CKK) |

**MEMORANDUM OPINION**
(January 7, 2009)

Plaintiff Trina Stewart filed the above-captioned lawsuit against her former employer, Defendant St. Elizabeths Hospital, alleging, *inter alia*, that Defendant had discriminated against her on the basis of her disability by failing to accede to her requests for a reasonable accommodation for her mental disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. As set out in this Court's August 2, 2007 Order and accompanying Memorandum Opinion and as confirmed by Plaintiff's counsel in on-the-record discussions with the Court at trial, Plaintiff's triable claim was limited to whether Plaintiff made, and Defendant denied, a request for reasonable accommodation to Facility Administrator Jasper Burnett in the fall of 2002. *See* 08/02/07 Order, Docket No. [45]; *see also Stewart v. St. Elizabeths Hospital*, 2007 WL 2257220, *12, 17-20 (D.D.C. Aug. 3, 2007).

On January 6, 2009, a jury trial was held in the instant matter. At the close of Plaintiff's case-in-chief, Defendant moved for a directed verdict based upon Plaintiff's failure to provide evidence as to certain elements of Plaintiff's claim. After holding two on-the-record discussions and thoroughly reviewing the parties' arguments, the relevant case law and the unofficial

transcript in this matter, the Court orally granted Defendant's motion for a directed verdict finding that Plaintiff had failed to present a legally sufficient evidentiary basis for a reasonable jury to find that she had established all elements of her claim under the Rehabilitation Act. The Court briefly summarizes below its reasons for granting Defendant's motion and, in so doing, fully incorporates both on-the-record discussions held by the Court on this issue.

Federal Rule of Civil Procedure 50(a) provides, in relevant part, that a court may issue a judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a). Upon such a finding, the court may "resolve the issue against the party [and] grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." *Id.* "As a general matter, a party has been 'fully heard' for purposes of Rule 50(a) when the party has submitted all of its evidence on the relevant claim or issue." *See Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004) (citing 9 James Wm. Moore et al., Moore's Federal Practice § 50.20[2] (3d ed. 2004)). "Accordingly, a defendant may move for judgment as a matter of law at the close of the plaintiff's evidence." *Id.*

To establish a prima facie case of discrimination under the Rehabilitation Act for failure to accommodate, Plaintiff must show "(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." *Scarborough v. Natosios,* 190 F. Supp. 2d. 5, 19 (D.D.C. 2002) (quoting *Rhoads v. FDIC*, 257 F.3d 373, 387 n. 11 (4th Cir.

2001)).  Defendant moved for a directed verdict based upon Plaintiff's failure to provide sufficient evidence from which a reasonable jury could conclude: (1) that Defendant refused to reassign Plaintiff or to provide any other reasonable accommodation; and/or (2) that Plaintiff could have performed the essential functions of the position, even with a reasonable accommodation.  Although the Court declined to grant a directed verdict based on the latter argument, the Court agreed that Plaintiff failed to provide a sufficient evidentiary basis from which a reasonable jury could conclude that Defendant refused, by inaction or otherwise, Plaintiff's request for reasonable accommodation made in the fall of 2002 to Mr. Burnett.[1]

In reviewing the evidence presented by Plaintiff in her case-in-chief, the Court concluded that, giving all reasonable inferences to Plaintiff, Plaintiff's evidence demonstrated only that Plaintiff had made a request to Mr. Burnett for a reasonable accommodation—*i.e.,* reassignment out of the John Howard Pavilion and into another unit in St. Elizabeths Hospital—and that Plaintiff and Mr. Burnett had been engaged in ongoing discussions regarding that request. Plaintiff did not, however, present *any* evidence from which a reasonable jury could conclude that Defendant actually refused that request by inaction or otherwise.

Specifically, Plaintiff testified that she had two separate conversations with Mr. Burnett in early October of 2002 concerning her request to be transferred out of the John Howard Pavilion.  According to Plaintiff, the first conversation occurred via telephone, at which time

---

[1] As the Court orally informed the parties in ruling upon Defendant's motion, Defendant's second basis for its directed verdict—*i.e.,* whether Plaintiff had failed to provide sufficient evidence from which a reasonable jury could conclude that Plaintiff could have performed the essential functions of the position—was a close question.  Accordingly, as the Court indicated to the parties, it would not have granted Defendant's motion for a directed verdict on that basis alone (based on the record before it), but rather would have taken Defendant's motion as to that question under advisement.

3

Plaintiff told Mr. Burnett that she needed to be reassigned to another unit within St. Elizabeths Hospital because "she did not feel well." Plaintiff testified that Mr. Burnett asked her if she had any documentation and, upon Plaintiff's affirmative response, instructed Plaintiff to bring the necessary documentation to his secretary. Although Plaintiff stated that she had provided Mr. Burnett with documentation about "some events" as well as documentation about a previous incident she had with a patient, she conceded that she did not provide Mr. Burnett with the medical documentation he had requested. Plaintiff further testified that, subsequent to her telephone conversation with Mr. Burnett, she met with him in person on October 15, 2002. At that time, she repeated her request to be transferred out of the John Howard Pavilion. According to Plaintiff's testimony, Mr. Burnett told her to get the paperwork that she needed and he would help her with her request. Plaintiff again acknowledged that, as of October 15, 2002, she had not provided Mr. Burnett with the requested medical documentation.

Plaintiff testified that, directly after her October 15, 2002 meeting with Mr. Burnett, she went back to work. However, at lunchtime that same day, she "put in for a leave slip" and then went home, at which time Plaintiff attempted to commit suicide. She was subsequently hospitalized for two days and later admitted to a psychiatric ward. Plaintiff's testimony stops shortly thereafter. Indeed, Plaintiff testified as to only one additional contact with Defendant after her October 15, 2002 meeting with Mr. Burnett. Specifically, Plaintiff testified that she tried to call Mr. Burnett, either while she was still hospitalized or at some point after she was released, and was informed at that time that Mr. Burnett had been "RIF'ed" (subject to a "reduction in force") and was no longer at St. Elizabeths Hospital. Plaintiff did not testify that she asked to speak to anyone else or that she raised her request for reasonable accommodation at

4

that time. Rather, Plaintiff testified simply that she felt that Mr. Burnett had been "her last hope."

Plaintiff's case-in-chief ended there. Plaintiff provided no evidence as to what happened with her request for reassignment out of the John Howard Pavilion. There was no evidence that she followed up further with Defendant or made any other attempts to secure a reasonable accommodation from Defendant or to discuss her employment at St. Elizabeths Hospital. There was no evidence as to what actions, if any, Defendant took (or did not take or would have taken) in regards to Plaintiff's request for transfer. Put simply, there was absolutely no evidence in the record from which a reasonable jury could have inferred that Defendant denied, by inaction or otherwise, Plaintiff's request for accommodation. Rather, the reasonable inference from Plaintiff's evidence was that Plaintiff and Defendant were in mid-discussion of Plaintiff's request for accommodation, awaiting Plaintiff's submission of requested medical documentation, when Plaintiff attempted suicide on October 15, 2002. Although Plaintiff attempted to call Mr. Burnett shortly thereafter, she stated only that she was informed that he was no longer with St. Elizabeths Hospital. Plaintiff provided no evidence that she made any other attempts to follow-up with Defendant as to her request for reasonable accommodation or her employment at St. Elizabeths Hospital. Indeed, after that point, Plaintiff provided no evidence whatsoever as to what actions—or non-actions—either Plaintiff or Defendant took in regards to Plaintiff's request for reassignment or her employment at St. Elizabeths Hospital.

Finally, the Court notes that, after apprising Plaintiff of the materiality of the dispositive fact at issue (*i.e.*, denial of the request for accommodation) and providing Plaintiff the opportunity to address the lack of evidence on that issue, Plaintiff's counsel did not move to re-

open her case in order to cure this evidentiary deficiency. Rather, Plaintiff's counsel conceded during on-the-record discussions with the Court that the decision to limit Plaintiff's evidence to events that occurred prior to or shortly after her October 15, 2002 suicide attempt was a tactical decision. Specifically, Plaintiff's counsel acknowledged that there was a period of approximately two months after the October 15, 2002 suicide attempt in which Plaintiff would not have been qualified—*i.e.,* able to perform the essential functions of the position with a reasonable accommodation—and therefore Plaintiff's counsel limited Plaintiff's testimony in an effort to preclude questioning that may have led to evidence harmful to Plaintiff's claim. Accordingly, for these reasons, as well as the reasons set forth by the Court in its on-the-record discussions with counsel, the Court granted Defendant's motion for directed verdict on the basis that Plaintiff failed to provide a sufficient evidentiary basis from which a reasonable jury could conclude that Defendant refused, by inaction or otherwise, Plaintiff's request for a reasonable accommodation made in the fall of 2002 to Mr. Burnett.

Accordingly, it is this 7th day of January, 2009, hereby

**ORDERED** that the Defendant's oral motion for a directed verdict is hereby GRANTED pursuant to the Court's oral order made at trial on January 6, 2009; and it is further

**ORDERED** that the above-captioned lawsuit shall be DISMISSED IN ITS ENTIRETY.

Date: January 7, 2009

                                        */s/*
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge